IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES A. GREY, III | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) JURY TRIAL DEMANDED<br>) |
| SIX CONTINENTS HOTEL, INC., and<br>INTERNATIONAL HOTELS GROUP, LTD. | ) Case No. 7:15CV633<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Comes Now, Plaintiff James A. Grey, III, and for his Complaint against Defendants Six Continents Hotel, Inc. ("Six Continents") and International Hotels Group, Ltd. ("IHG"), states as follows:

## PARTIES

1. Plaintiff is a citizen of the United States, currently residing in the State of Maryland.

2. Defendant Six Continents is a Delaware corporation, with its principal place of being outside the Commonwealth of Virginia. Six Continents owns and operates hundreds of hotels throughout the United States.

3. Defendant IHG is a Delaware corporation, with its principal place of business being outside the Commonwealth of Virginia. IHG Continents owns and operates hundreds of hotels throughout the United States.

4. Six Continents is a wholly-owned subsidiary of Intercontinental Hotels Group, Plc., a corporation organized and registered under the laws of Great Britain.

5. IHG is a wholly-owned subsidiary of Intercontinental Hotels Group, Plc., a corporation organized and registered under the laws of Great Britain.

1

6. The Holiday Inn Tanglewood, located at 4468 Starkey Road, Roanoke, Virginia (the "Holiday Inn") is owned and operated by Defendant Six Continents or Defendant IHG, but, despite a good faith investigation, Plaintiff could not determine which of the named Defendants was the real owner and operator.[1]

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a) (1) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

8. Venue properly lies in the Court pursuant to 28 U.S.C. § 1391 (a) (2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this judicial district.

## COUNT I: NEGLIGENCE

9. Prior to November 15, 2013, police for the County of Roanoke were called to the Holiday Inn on multiple occasions to investigate criminal activity, including unknown persons being present on the premises, assaultive conduct, and violent activities.

10. Due to prior criminal conduct at the Holiday Inn, the Holiday Inn was aware of the need to take appropriate security precautions to protect its guests. As part of those security precautions, the Holiday Inn installed and maintained a set of security video cameras to monitor activity in and around its premises so that it could interrupt and impede ongoing criminal conduct. Further, the Holiday Inn installed locks on doors that led to entry into the hotel's interior. Further, the Holiday Inn installed a system of electronic swipe cards that required an individual who wanted

---

[1] Plaintiff will voluntarily dismiss whichever of the Defendants turns out not to be the legal owner and operator of the Holiday Inn.

2

to access the interior of the hotel from doors and entryways other than the hotel lobby to swipe a valid passkey registered to a guest currently occupying one of the hotel's rooms, regardless of the time of day.

11. The Holiday Inn has a laundry room located on its premises. As of November 15, 2013, the Holiday Inn's laundry room had two points of entry. The first point of entry was through a door located in the interior hallway of the hotel, which was also near an exit door from the hotel. The Holiday Inn had installed in the hallway a security video camera that covered ingress and egress in and out of the laundry room from the interior hallway. The second point of entry for the Holiday Inn's laundry room was a door that opened to the exterior grounds of the hotel. The door had a lock and the Holiday Inn had installed a security video camera covering the ingress and egress in and out of the exterior laundry room door to monitor activity at that point.

12. As an innkeeper, the Holiday Inn owed a special duty to its registered guests to use the utmost care and diligence of a very cautious person; to be held liable for the slightest negligence that human care, skill, and foresight could have foreseen and guarded against.

13. On November 13, 2013, Plaintiff checked into the Holiday Inn Tanglewood, located at 4468 Starkey Road, Roanoke, Virginia (the "Holiday Inn") for a weeklong stay.

14. On November 15, 2013, Plaintiff was in the Holiday Inn's laundry room doing his laundry.

15. For some period of time prior to November 15, 2013, the security camera that the Holiday Inn had installed to monitor activity at the exterior laundry room door had become inoperable, but the Holiday Inn did not take the actions of a very cautious person and promptly repair that video camera. As a direct result of result Holiday Inn's failure to keep and maintain the exterior door laundry room camera, the Holiday Inn was inadequately prepared to interrupt and

3

Case 7:15-cv-00633-EKD   Document 1   Filed 11/16/15   Page 3 of 6   Pageid#: 3

impede ongoing criminal conduct resulting from entry into the hotel through that door by unauthorized individuals.

16. The exterior door of the Holiday Inn was equipped with a lock. At night, the Holiday Inn kept the door locked to insure that unauthorized individuals could not access the laundry room thereby gaining access to the interior of the hotel without having to use a valid swipe card. Prior to November 15, 2013, during the day, the Holiday Inn acted under the unreasonable belief that criminals do not engage in criminal activity during daylight hours. The Holiday Inn, therefore, unreasonably kept the exterior laundry room door unlocked during the day. Combined with its failure to maintain the security camera covering the exterior laundry room door, the Holiday Inn had absolutely no control or checks on who entered the hotel during the day through the laundry room exterior door. The Holiday Inn's conduct was negligent.

17. As a direct result of the Holiday Inn's negligence, on November 15, 2013, one or more individuals entered the laundry room through the unguarded and unlocked laundry room exterior door and brutally assaulted Plaintiff while he was doing his laundry. Plaintiff's assailants then exited the laundry room through the same door without the Holiday Inn seeing them.

18. As a direct result of the Holiday Inn's negligence, Plaintiff suffered severe bodily injuries, including a fractured right eye socket, a severe concussion resulting in a subdural hematoma, intraparenchymal hemorrhage, a subarachnoid hemorrhage, and significant bruises over his chest, arms, legs, and backside. Plaintiff was required to undergo, *inter alia*, a left frontotemporopareital decompressive craniectomy, a tracheostomy, and a bronchoscopy. In other words, Plaintiff was beaten so severely, he suffered from bleeding inside his skull that was putting such pressure on his brain that doctors were required to cut through and remove the left side of his skull.

4

Case 7:15-cv-00633-EKD   Document 1   Filed 11/16/15   Page 4 of 6   Pageid#: 4

19. As a direct result of the Holiday Inn's negligence, but for a locked door, Plaintiff was hospitalized at Carilion Roanoke Memorial Hospital from November 15, 2013 through December 23, 2013. He was readmitted February 28, 2014 through March 3, 2014, for a cranioplasty to place a bone flap into the upper part of the left side of Plaintiff's skull.

20. As a direct result of the Holiday Inn's negligence, but for a locked door, Plaintiff's injuries left him very susceptible to sinus and other infections that could affect his brain function. Since March 3, 2014, Plaintiff has undergone three more major surgeries to address the acquired skull defect he sustained during the assault on him. He is scheduled for yet another surgery, his sixth, at John Hopkins on December 9, 2015.

21. As a direct result of the Holiday Inn's negligence, but for a locked door, Plaintiff's injuries have left him unable to work with the result of a substantial income.

22. As a direct result of the Holiday Inn's negligence, but for a locked door, Plaintiff has incurred medical expenses in excess of one million dollars.

23. The Holiday Inn's decision and action of leaving unlocked during daylight hours the exterior laundry room door was negligent to such a degree as to evince a conscious disregard of the rights of its guests, including Plaintiff, to a reasonably safe and secure establishment that they warrant the imposition of punitive damages.

24. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests the Court for its judgment in favor of Plaintiff and against Defendants in an amount equal to Plaintiff's actual damages, for an award of punitive damages, for his costs, and for such other relief as the Court deems just and proper.

_____
Thomas E. Strelka, Esq. (VSB#75488)
Strelka Law Office, PC
119 Norfolk Avenue, SW
Suite 330, Warehouse Row
Roanoke, VA 24011
540-283-0802
thomas@strelkalaw.com
*Counsel for Plaintiff*


Law Offices of Thomas DeGroot, LLC
Thomas J. DeGroot, #30291
32 S. Elm Avenue
St. Louis, MO 63119
(314) 378-9183
tom@degrootlaw.net
*Counsel for Plaintiff*